**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JUSTIN L. MARINO, | : | MOTION TO VACATE |
| BOP No. 55184-060, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:12-CV-2027-RWS-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:06-CR-457-RWS-ECS |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Justin L. Marino's Motion to Vacate, Set-Aside, or Correct Sentence Pursuant to 28 U.S.C. §§ 2255(f)(3) and 2255(f)(4). [Doc. No. 57]. For the following reasons, the undersigned recommends that Mr. Marino's motion be dismissed and that no certificate of appealability be issued.

Mr. Marino contends that he is entitled to relief under § 2255 because he received ineffective assistance from counsel during plea negotiations. [Id.; see also Doc. No. 57-1]. In particular, Mr. Marino contends that his attorney misadvised him about how prior convictions should have been counted in determining his criminal history category under the United States Sentencing Guidelines. [Doc. No. 57-1 at 4-6]. Mr. Marino states that he has been aware of this issue since "[o]n or about June 2010" when he was advised by a "jailhouse lawyer that one or more of the four misdemeanor driving offenses included in Petitioner's criminal history category never should have been included therein." [Id. at 6]. The record

reflects that Mr. Marino filed a Motion to Reduce Criminal History Category Pursuant to Plea Agreement in July 2010, but that motion was denied in September 2010. [Doc. Nos. 46, 48]. Mr. Marino now cites as support for his § 2255 motion the Supreme Court's recent decisions in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012), regarding ineffective assistance of counsel in plea negotiations. [Doc. No. 57 at 1; <u>see also</u> Doc. No. 57-1 at 1].

Motions under § 2255 are subject to a one-year limitations period which runs from the latest of:

> (1) the date on which the judgment of conviction became final;

> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Mr. Marino signed and "filed" the § 2255 motion that is now before the Court on June 8, 2012. [Doc. No. 57 at 3].

2

Mr. Marino does not argue that § 2255(f)(1) makes his motion timely, nor could he. Mr. Marino was sentenced on July 31, 2007. [Doc. No. 42]. Judgment in this case became final later in 2007 when Mr. Marino's time to appeal expired. See Clay v. United States, 537 U.S. 522, 527 (2003). Mr. Marino's § 2255 motion was filed almost five years later in June 2012.

Nor does Mr. Marino argue that § 2255(f)(2) applies. Rather, Mr. Marino argues that the Supreme Court's decisions this past term in Lafler and Frye entitle him to rely on § 2255(f)(3). That argument, however, is precluded by the United States Court of Appeals for the Eleventh Circuit's recent decision in In re Perez, No. 12-12240, 2012 U.S. App. LEXIS 10689 (11th Cir. May 25, 2012). In that case, the Eleventh Circuit held that "Frye and Lafler did not announce new rules." In re Perez, at *4. Although the Perez court was applying § 2255(h)(2) – which governs authorization to file second or successive § 2255 motions – the language of § 2255(f)(3) is substantially similar, and the undersigned is persuaded that the Eleventh Circuit would not reach a different conclusion with respect to a parallel statutory provision. Because there is no "newly recognized" right in Frye and Lafler, § 2255(f)(3) does not apply to Mr. Marino's § 2255 motion.

Mr. Marino also argues that he is entitled to rely on § 2255(f)(4). However, as Mr. Marino's own brief indicates, he

3

has been aware since "[o]n or about June 2010," when he spoke with jailhouse lawyer, of the "facts" that undergird his present § 2255 motion. [Doc. No. 57-1 at 6]. And Mr. Marino's filing in July 2010 of a a Motion to Reduce Criminal History Category Pursuant to Plea Agreement confirms that his § 2255 motion is not based on newly-discovered facts. [Doc. No. 46]. Indeed, even assuming that June 2010 is the appropriate date to use because it was only then that "facts . . . could have been discovered through the exercise of due diligence" that supported the claim he now makes, Mr. Marino waited far beyond the one-year limitations period would have begun running then when he failed to file his § 2255 motion until June 2012.

Measured against the starting date for the one-year limitations period under any of the four subsections of § 2255(f), Mr. Marino's motion is untimely. Because Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires that "[i]f it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion," the undersigned **RECOMMENDS** that Mr. Marino's § 2255 motion be **DISMISSED**.

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse

4

to the applicant." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted). Mr. Marino has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable. The undersigned **RECOMMENDS** that a Certificate of Appealability be **DENIED** in this case.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 18th day of June, 2012.


*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

5